IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REMY L SUANE,

          **Plaintiff,**

v.

PERCY MYERS, *et al.*,

          **Defendants.**

Case No. 22-cv-02716-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court on two motions filed by Plaintiff: a motion requesting court supervision of medical care and to compel production of medical records (Doc. 55) and a motion to clarify (Doc. 58). The Court construes the motion to clarify as a reply brief to Defendants' response, and the motion to clarify is **GRANTED.** For the following reasons, the motion for court supervision and to obtain medical records is **DENIED.**

    In the motion, Plaintiff requests for the Court to "obtain" certain medical records in order to show how bad medical care is at Centralia Correctional Center and how his care continues to be unconstitutionally delayed. This request is denied. To the extent he is seeking to compel production of any documents, discovery on the merits has commenced, and Plaintiff may obtain documents through the discovery process. To the extent he is seeking to file discovery on the record, the request is also denied. Pursuant to local rule, discovery materials are not filed with the Court. SDIL-LR 26.1(b).

    And finally, the Court denies the motion to the extent Plaintiff is seeking to supplement his arguments regarding the motion for a preliminary injunction. (*See* Doc. 41). Plaintiff asserts that he has not received follow-up appointments after his MRI and appointment with a general surgeon,

and he claims that his medical care continues to be unconstitutionally delayed. He requests a hearing to show that Defendants are not following internal policies regarding scheduling and follow-up appointments and asks that Health Care Unit Administrator Christine Vinyard appear as a witness at the hearing. Plaintiff's additional allegations, exhibits, and witness request come too late. The Court has already resolved the issues raised in his motion for a preliminary injunction (Doc. 52, 53). Even if the Court were to construe the motion as seeking a new preliminary injunction, Plaintiff has failed to demonstrate irreparable harm absent the Court awarding interim relief. (*See* Doc. 53). Furthermore, Plaintiff's request for the Court to supervise his medical care exceeds the scope of relief allowed under the Prisoner Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief must be narrowly drawn, and "the contours of prisoner medical care are 'the business of prison administrators rather than of the federal courts.'" *Leiser v. Labby,* No. 20-cv-0123-bhl, 2022 WL 1720090, at *2 (E.D. Wisc. May 27, 2022) (quoting *Hewitt v. Helms,* 459 U.S. 460, 467 (1983)). Thus, it would be inappropriate for the Court to supervise the entirety of Plaintiff's medical care.

    Accordingly, the motion for court to obtain medical records is denied. (Doc. 55).

**IT IS SO ORDERED.**

**DATED:   March 28, 2024**

                                             _s/Stephen P. McGlynn_
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**