IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REMY L. SUANE,

                **Plaintiff,**

v.

PERCY MYERS, et al.,

                **Defendants.**

**Case No. 3:22-CV-02716-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on a Motion for Reconsideration and Motion to Stay Discovery filed by *pro se* Plaintiff Remy L. Suane (Doc. 65). Plaintiff Suane requests reconsideration of the Court's denial of his request to recruit counsel to represent him in the instant case, an action brought pursuant to 42 U.S.C. § 1983 in which he alleges Eight Amendment claims related to his medical care while incarcerated at Centralia Correctional Center. (*See* Docs. 15, 63). Suane also requests a stay of the Defendants' interrogatories and requests for production. (*See* Doc. 65). The Court previously denied his Motion for Reconsideration (Doc. 62) of the Court's Order (Doc. 53) denying a prior Motion for Recruitment of Counsel (Doc. 49). The Court denied Suane's request for counsel after analysis pursuant to 28 U.S.C. § 1915(e)(1) indicated that Suane had not "made a recent effort to obtain counsel" because his evidence that he had attempted to recruit counsel was from July 2022 and May 2023, long before the stay on merits discovery was lifted in March 2024. (Doc. 63 (citing 28 U.S.C. § 1915(e)(1)); *see* Doc. 60).

Seventh Circuit caselaw states that:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 32122 (7th Cir. 1993))). This first prong is a "threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Pruitt* at 655. In Suane's most recent filing, he indicates that he contacted five law firms and received rejections from two of them. (*See* Doc. 65). The return letters are dated April 22 and April 24, 2024, respectively, and clearly show that Suane has made a recent attempt to obtain counsel in line with *Pruitt*. (*See* Doc. 65). Thus, Suane has made the required showing for the first *Pruitt* factor.

The second *Pruitt* factor is case-specific and requires analysis of the prisoner's own ability to litigate his or her own case, regardless of whether he or she is able to obtain outside (non-attorney) assistance. *See McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018) (stating that District Court must discuss the impact of other prisoners assisting the plaintiff in its analysis of whether the plaintiff can litigate the case himself or herself). Here, Suane states that he suffers from severe mental illness and chronic pain and that his learning disabilities have resulted in him being confused and unsure how to handle responses to interrogatories and requests for production. (*See* Doc. 65, p. 2). Suane also indicates that, while a so-called "Jail House lawyer" was able to assist him with previous filing, this individual is no longer able to do so. (Doc. 65, p. 2). Suane previously argued that the medical conditions that led

to this Court granting his request to recruit counsel in *Suane v. Shah*, No. 21-cv-00213-SPM (Doc. 181) apply to the instant suit, as well. (*See* Doc. 62, p. 1). Finally, Suane also requests to "stay" the Defendants' interrogatories and requests for production. (Doc. 65, p. 2).

While medical claims are not always "too complex, factually and legally, for *pro se* litigants," *Scott v. Richter,* 754 F. App'x 458, 462 (7th Cir. 2019), the Court finds that, given the totality of the circumstances, and because Suane's medical issues have not changed, discovery has become too challenging for Suane to continue representing himself. Therefore, the Motion for Reconsideration (Doc. 65) is **GRANTED** and the Court shall recruit *pro bono* counsel for Plaintiff Suane. Based on this, Suane's Motion to Stay Discovery is **DENIED** so that recruited counsel can evaluate how to proceed with discovery.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(i) and 83.9(b), attorney **Samuel Newman** of Ogletree Deakins, located at 7700 Bonhomme Avenue, Suite 650, St. Louis, Missouri 63105, is **ASSIGNED** to represent Plaintiff Suane in this civil rights case. On or before **June 21, 2024**, assigned counsel shall enter his appearance in this case. Attorney Newman is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order, copies of the docket sheet, and Docs. 15–17, 34–36, and 60 to attorney Newman. The electronic case file is available through the CM/ECF system. Now that counsel has been assigned, Plaintiff Suane **shall not** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation, if applicable. If counsel is allowed to withdraw at the request of Suane, there is **no guarantee** the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8–83.14 regarding *pro bono* case procedures.

Because Plaintiff is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. However, if Plaintiff should recover damages in this action (either by verdict or settlement), Plaintiff and his counsel are **ADVISED** that Plaintiff will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* Local Rule 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorneys' fees in this case. No portion of a partial filing fee assessed pursuant

to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at (773) 769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

**REMY SUANE, #B52215**
**Centralia Correctional Center**
**9330 Shattuc Road**
**PO Box 7711**
**Centralia, IL 62801**

**IT IS SO ORDERED.**

**DATED: June 7, 2024**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**