IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REMY SUANE,**

    **Plaintiff,**

v.                                                          Case No. 22-CV-02716-SPM

**PERCY MYERS, et al.,**

    **Defendants.**

# CONFIDENTIALITY ORDER

**McGLYNN, District Judge:**

    This matter is before the Court on a Joint Motion for Stipulated Protective Order (Doc. 81) filed by Plaintiff Remy L. Suane and Defendants Percy Myers, MD, and Wexford Health Sources, Inc. Plaintiff Suane and Defendants Myers and Wexford indicate that Defendants Rob Jeffreys; Steven Bowmen, MD; Vonetta Harris; and Daniel Monti do not object to the proposed order. (*See id.*, p. 2). The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, for good cause shown, the Joint Motion is **GRANTED**. It is **HEREBY ORDERED** that the parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this or related actions or proceedings:

1.    **Scope**. Portions of Wexford's policies, procedures, and documents may contain highly sensitive and proprietary business information that could be very valuable to Wexford's competitors if publicly released.

2. **Protected Material**. Wexford may designate as confidential under this Protective Order, in whole or in part, any documents, records, information, or materials that: (i) constitute, contain, or include, in whole or in part, confidential, proprietary, sensitive, and/or competitive business information or (ii) are otherwise confidential and protectable under a contract and/or applicable law ("Protected Material").

3. Protected Material shall be stamped with the phrase "Confidential and Subject to Protective Order," along with the case number, clearly on each page.

4. Counsel for Defendants must provide Plaintiff's counsel with copies of such Protected Material, but Plaintiff's counsel must comply with all other provisions herein. Plaintiff's counsel may discuss the contents of the Protected Material with Plaintiff, and Plaintiff may view copies of the documents during meetings with Counsel for Plaintiff, but Counsel for Plaintiff may not provide Plaintiff copies of the Protected Material to keep.

5. Protected Material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Counsel for Defendants and Plaintiffs;

    d. Employees of counsel;

    e. The parties;

  f.  Any future Wexford Defendant;

  g.  Witnesses deposed and prospective trial witnesses, to the extent the Protected Documents may reasonably be believed to relate to their testimony;

  h.  Wexford Health Sources, Inc. Risk Management and other related employees;

  i.  Claim representative(s) at the insurance company that provides insurance for Defendant(s), to the extent the Protected Material are necessary to make a determination on settlement or legal strategy; and

  j.  Experts retained in this litigation.

6. **Competitive Material**. Wexford may designate for protection under this Protective Order as "Attorneys' and Experts' Eyes Only," in whole or in part, any document, record, information, or materials that Wexford reasonably, and in good faith, believes will place Wexford at risk of suffering a competitive or commercial disadvantage if disclosed ("Competitive Material"). Competitive Material may include, but is not limited to, documents identifying or containing financial information (e.g., costs, cashflow, profit and loss, EBITDA, EBIT, and profit margin) and/or sales and pricing information.

7. Wexford shall designate Competitive Material as "Attorneys' and Experts' Eyes Only" by affixing a legend or stamp on such document, record, information, or material that reads "Confidential and Subject to Protective Order – ATTORNEYS/EXPERTS' EYES ONLY," along with the case number, clearly on each page.

8. Competitive Material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Counsel for Defendants and Plaintiffs;

    d. Employees of counsel;

    e. Witnesses deposed and prospective trial witnesses, to the extent the Competitive Materials may reasonably be believed to relate to their testimony; and

    f. Experts retained in this litigation.

9. Except as otherwise provided by this Order or by further order of the Court, the Protected and Competitive Material shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraphs 5 and 8, and they shall not be used in any other civil case, criminal case, litigation, or matter.

10. Individuals or entities permitted access to Protected and Competitive Material pursuant to Paragraphs 5 and 8 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the

designating party or obtain permission from this Court, upon motion and with notice to all parties.

11. Any party may apply to the Court for relief from, or modification of, this Order.

12. After the production of Protected or Competitive Material, counsel for the Plaintiff may challenge the Confidential or Attorneys'/Experts' Eyes Only designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected or Competitive Material. If the parties are unable to reach an agreement as to the designation of the document, the parties are entitled to request that the Court determine whether the document is properly designated as Confidential or Attorneys'/Experts' Eyes Only.

13. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

14. This Order shall not prevent any of the Protected or Competitive Material from being used by the Court or counsel of record at any trial, hearing, deposition or other proceeding in this action only, subject to such confidentiality provisions as the parties may agree to in writing or as the Court may then prescribe.

15. Following the termination of this litigation, whether by final judgment and appeal or by settlement, and/or in compliance with retention policies, the parties shall destroy or return the Protected or Competitive Material.

16. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court. Anyone with knowledge of the contents of this Protective Order shall be bound by its terms.

17. The parties may agree to the filing of any Protected or Competitive Material in this proceeding upon such conditions that the parties may agree to in writing, including (but not limited to) the redaction, omission, or other form of protection of such Protected or Competitive Material from any filed documents and without the necessity of having to file a motion to seal or seek prior court approval for the filing of such document. In the event that the parties agree to the method of filing Protected or Competitive Material while redacting, omitting, or otherwise protecting any confidential material, the filing party shall also file a notice (a) identifying the Protected or Competitive Material(s) filed in the proceeding and (b) identifying and describing the agreed upon method of redacting, omitting, or otherwise protecting any confidential material; provided, however, that the parties must make the unaltered, original version of any such Protected or Competitive Material(s) available to the Court upon request.

18. In the event that the parties are unable to reach agreement as to a method of public filing for Protected or Competitive Material pursuant to Paragraph 16 herein, and/or any party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document(s) or information under seal (with the limited exception of information covered by Local Rule 5.1(d)). When

filing the motion to seal, the party will contemporaneously submit the document(s) or information in question to the Court for in camera review. The Court will then make an individualized determination of whether any such document(s) or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Lab'ys.*, 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras*, 585 F.3d 1061, 1073–76 (7th Cir. 2009). Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record.

19. Personal Material. Portions of Wexford's documents may contain Wexford employee and contractor's sensitive personal information, including, but not limited to: phone numbers, addresses, email addresses, birth dates, Social Security numbers, driver's license numbers, taxpayer identification numbers, and family information ("Personal Material"). The parties stipulate that Personal Material does not include a person's name or job title.

20. Wexford may redact Personal Material before producing documents that contain Personal Material, provided that the redactions only do not obscure or omit any non-Personal Material.

21. After the production of documents with redacted Personal Material, counsel for the Plaintiff may challenge all or any portion thereof of the redactions made by providing written notice thereof to counsel for the party redacting the Personal Material. If the parties are unable to reach an agreement as to the redactions of the

document, the parties are entitled to request that the Court determine whether the information redacted is properly designated as Personal Material.

**IT IS SO ORDERED.**

**DATED: February 13, 2025**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
